UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KENNETH R. ORTIZ**<br><br>　　　　Plaintiff,<br><br>v.<br><br>**COUNTY OF ORLEANS**<br><br>**ANTHONY M. BRUCE**, individually and in his official capacity<br><br>**JOSEPH CARDONE**, individually<br><br>**STEVEN PLOOF**, individually<br><br>　　　　Defendants. | **COMPLAINT**<br>**AND JURY DEMAND**<br><br>Civil Action No. 26-cv-236 |

Plaintiff, Kenneth R. Ortiz ("Mr. Ortiz" or "Plaintiff"), by his attorneys, Rupp Pfalzgraf LLC, as and for his complaint against Defendants, County of Orleans, Anthony M. Bruce, Joseph Cardone, and Steven Ploof alleges as follows:

## JURISDICTION

1. This action is brought under 42 U.S.C. §§ 1983 and 1988, and under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has subject matter jurisdiction over all claims pursuant to 28 U.S.C. §§ 1331, 1343, and 42 U.S.C. § 1983.

## VENUE

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of New York because a substantial portion of the events forming the basis of Plaintiff's complaint occurred in this District.

**PARTIES**

4. At all times hereinafter mentioned, Mr. Kenneth R. Ortiz was and is a citizen of the State of New York, County of Orleans, residing at 130 S Plymouth Avenue, Rochester, New York 14614, JID # 342935.

5. Defendant County of Orleans is a municipal corporation duly organized and existing under the laws of the State of New York.

6. Defendant Anthony M. Bruce was at all relevant times a special district attorney appointed to prosecute cases against Mr. Ortiz in Orleans County and was acting within the scope of his employment at all times relevant to this lawsuit. Defendant Bruce is being sued in both his individual and official capacities.

7. Defendant Joseph Cardone was at all relevant times the District Attorney in Orleans County, and at all relevant times was acting in a managerial capacity over the Orleans County District Attorney's Office and therefore all of his actions were non-prosecutorial. Defendant Cardone is being sued in his individual capacity.

8. Defendant Steven Ploof was at all relevant times employed by the Orleans County Sheriff's Office as a sworn law enforcement officer, and at all relevant times was acting within the scope of his employment and under color of state law. Upon information and belief, during portions of the events described herein, Defendant Ploof was on administrative leave from the Orleans County Sheriff's Office. Defendant Ploof is currently incarcerated. Defendant Ploof is being sued in his individual capacity.

## FACTUAL BACKGROUND

9. This action arises from the repeated prosecution, conviction, and imprisonment of Plaintiff Kenneth R. Ortiz by an individual who lacked legal authority under New York law to act as a special district attorney.

10. Between 2020 and 2023, Mr. Ortiz faced numerous criminal charges in Orleans County. Many of these charges resulted in convictions and periods of incarceration totaling 91 days.

11. All of these prosecutions were conducted by Defendant Anthony M. Bruce, who was appointed as a special district attorney pursuant to New York County Law ("County Law") § 701.

12. Under County Law § 701(1)(a), a special district attorney must reside in, or maintain a law office in, the county where the prosecution occurs or an adjoining county during the pendency of the proceedings.

13. At all relevant times, Defendant Bruce neither resided in nor maintained a law office in Orleans County or any adjoining county.

14. Instead, Defendant Bruce maintained an office and mailing address in Erie County and resided in Erie County.

15. Erie County does not adjoin Orleans County.

16. As a result, Defendant Bruce was statutorily ineligible to serve as special district attorney in Orleans County, and his appointment was void.

17. Despite this fundamental defect, Defendant Bruce prosecuted Mr. Ortiz, presented cases to grand juries, tried cases in local courts, and secured convictions resulting in Mr. Ortiz's incarceration.

**Initial Prosecutions (2020 to 2021)**

18. On August 10, 2020, Mr. Ortiz was walking past the home of the mother of his young child, Melissa Winters.

19. As Mr. Ortiz walked past the home, the child, who was within the home, noticed Mr. Ortiz and left the house to greet him.

20. Mr. Ortiz picked up his child and returned the child to the home, where the child was under the supervision of their grandmother.

21. The child's grandmother alleged that Mr. Ortiz entered the home without permission and made several additional allegations.

22. Mr. Ortiz was charged in Orleans County by the Orleans County District Attorney's Office with Burglary in the Second Degree, Endangering the Welfare of a Child, and Stalking in the Third Degree. The burglary charge was later reduced to trespass. ("August 2020 Incident").

23. As a result of this incident, Mr. Ortiz spent two (2) days in Orleans County Jail.

24. Following this August 2020 arrest, Mr. Ortiz was arrested and charged in Orleans County five additional times between May 2021 and May 2022:

- On May 5, 2021, Mr. Ortiz was again arrested and charged with falsely reporting an incident in violation of Penal Law § 240.50 ("May 5, 2021 Incident").

- On May 24, 2021, Mr. Ortiz was arrested and charged with resisting arrest, disorderly conduct, and harassment in the second degree in violation of Penal Law §§ 205.30, 240.20, and 240.26 ("May 24, 2021 Incident").

- On July 29, 2021, Mr. Ortiz was arrested and charged with endangering the welfare of a child and two counts of harassment in the second degree in violation of Penal Law §§ 260.10 and 240.26. ("July 2021 Incident").

- On August 22, 2021, Mr. Ortiz was arrested again, this time at a Walmart in Albion, New York and charged with trespass in violation of New York Penal Law § 140.05 ("August 2021 Incident").

- On May 13, 2022, Mr. Ortiz was arrested and charged with resisting arrest, two counts of obstruction of governmental administration, and trespass in violation of Penal Law §§ 205.30, 195.05, and 140.05. ("May 2022 Incident").

**June 16, 2022 Arrest and Defendant Ploof's Misconduct**

25. On June 16, 2022, while out on bail pending his above-mentioned charges, Mr. Ortiz was arrested by the Orleans County Sheriff's Office and charged with multiple misdemeanors and two felonies, including Making a Terroristic Threat ("June 2022 Incident").

26. Defendant Steven Ploof, then a sworn member of the Orleans County Sheriff's Office, was one of the arresting officers.

27. During custodial transport, Defendant Ploof attempted to elicit false inculpatory statements from Mr. Ortiz regarding terroristic threats.

28. When Mr. Ortiz refused, Defendant Ploof fabricated statements and falsely reported that Mr. Ortiz had made terroristic threats.

29. Defendant Ploof later served as a witness in the prosecution of these fabricated charges.

5

30. During transport from a hospital to the jail, Defendant Ploof stopped the vehicle, forcibly removed Mr. Ortiz, grabbed him by the hair, and pulled his head back without justification.

31. Mr. Ortiz had not done or said anything to require this excessive use of force.

32. Defendant Ploof then told Mr. Ortiz "I'm in charge now" or words to that effect.

33. As a result of these charges, Mr. Ortiz was remanded to custody on $150,000 bail and spent 35 days in jail.

**Appointment of Defendant Bruce as Special District Attorney**

34. On September 23, 2021, while many of the above-listed incidents were pending, Defendant Joseph Cardone, the Orleans County District Attorney, requested the Orleans County Court disqualify his office from Mr. Ortiz's prosecution and that a special district attorney be appointed pursuant to County Law § 701 to handle all cases where Mr. Ortiz was listed as a criminal defendant.

35. Defendant Cardone based his request on one of the victims of Mr. Ortiz's pending charges being a defendant in another matter being prosecuted by the Orleans County District Attorney's Office.

36. Defendant Cardone proposed Defendant Bruce for that role.

37. Pursuant to County Law § 701(1)(a), a special district attorney must "have an office in or residing in the county or any adjoining county" during the pendency of the proceedings.

38. On September 27, 2021, Judge Sanford A. Church appointed Defendant Bruce as special district attorney for the prosecution of Mr. Ortiz.

39. At the time of this appointment—and throughout the pendency of the prosecutions—Defendant Bruce did not meet the statutory requirements of County Law § 701.

40. Specifically, Defendant Bruce did not reside in or have an office in Orleans County or any county adjoining Orleans County.

41. Instead, Defendant Bruce maintained an office in Clarence, New York and a post office box in Orchard Park, New York, both of which are located in Erie County.

42. Additionally, upon information and belief, Defendant Bruce resided in Erie County at all times relevant to this complaint.

**Defective Proceedings**

43. In August 2022, Defendant Bruce presented the felony charges to a grand jury.

44. Because Defendant Bruce lacked legal authority, he was an unauthorized person before the grand jury and lacked power to empanel it.

45. Despite this, Defendant Bruce proceeded to present cases against Mr. Ortiz to the Grand Jury that ultimately resulted in indictments.

46. The resulting indictments were legally defective because Defendant Bruce was an unauthorized person.

47. Nevertheless, Defendant Bruce continued to prosecute Mr. Ortiz.

48. In 2022, Defendant Bruce prosecuted a bench trial in Albion Town Court arising from the August 2021 Incident at the Walmart involving Mr. Ortiz.

49. Mr. Ortiz was found guilty and, on July 13, 2022, sentenced to 15 days imprisonment in the Orleans County Jail, which he then served.

**Judicial Findings Invalidating Prosecutions**

50. On February 9, 2023, Orleans County Court Judge Sanford A. Church vacated Defendant Bruce's appointment, ruled that he was an unauthorized person before the grand jury, and dismissed all pending indictments against Mr. Ortiz.

51. Despite this ruling, on March 6, 2023, Defendant Bruce was reappointed as a Special Prosecutor by Judge Church.

52. On March 16, 2023, Defendant Bruce presented the same cases against Mr. Ortiz to a grand jury, resulting in re-indictments.

53. These re-indictments were later dismissed by Judge Church on October 20, 2023 for failure to obtain authorization to submit the case to a grand jury after dismissal by the Court deprived the grand jury and the Court of jurisdiction.

54. On April 6, 2023, Defendant Bruce prosecuted Mr. Ortiz for contempt of court, relating to incidents that occurred on March 2 and March 6, 2023.

55. The contempt prosecution resulted in Mr. Ortiz's conviction and an additional 40 days of incarceration.

56. On September 17, 2024, Judge Bradley D. Marble overturned Mr. Ortiz's trespass conviction and dismissed the remaining pending matters, finding that on March 6, 2023, when Defendant Bruce was appointed, he had no jurisdiction to prosecute Mr. Ortiz pursuant to County Law § 701(1).

57. Judge Marble continued that all charges against Mr. Ortiz had to be dismissed because the Special Prosecutor failed to obtain jurisdiction under CPL § 30.30 within 90 days.

58. On December 10, 2025, Judge Church reversed Mr. Ortiz's conviction based on the August 2021 Incident at Walmart, citing *People v. Callara*, 2025 NY Slip Op 05739 (N.Y. Ct. App. Oct. 16, 2025) as binding appellate authority holding that convictions obtained by an ineligible special prosecutor must be reversed.

59. To date, every charge prosecuted by Defendant Bruce against Mr. Ortiz has been dismissed or vacated due to Bruce's lack of legal authority.

60. Mr. Ortiz was forced to serve 15 days in jail for a conviction that was ultimately determined to be invalid due to Defendant's failure to comply with County Law § 701.

61. On August 14, 2023, Mr. Ortiz filed a Notice of Claim for malicious prosecution against Orleans County, Orleans County District Attorney's Office, and Anthony Bruce as Orleans County Special District Attorney.

62. Mr. Ortiz suffered loss of liberty, emotional distress, humiliation, financial loss, and ongoing harm as a result of Defendants' actions.

## FIRST CAUSE OF ACTION

### VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS
### 42 U.S.C. § 1983
### Against Defendants County of Orleans, Bruce and Cardone

63. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

64. The Fourteenth Amendment to the United States Constitution guarantees that no State shall "deprive any person of life, liberty, or property, without due process of law."

65. Defendants Bruce and Cardone, acting under color of state law, violated Mr. Ortiz's constitutional right to due process by subjecting him to prosecution, conviction, and imprisonment by a special district attorney who lacked any legal authority to act in that capacity.

66. Since Defendant Bruce was without authority to prosecute Mr. Ortiz, Mr. Ortiz was deprived of his right to have his case presented to the Grand Jury by an authorized person and prosecuted by an individual empowered by the New York State Constitution or County Law § 701.

67. Mr. Ortiz was also deprived of having his case presented to Hon. Sanford A. Church in a bench trial by an authorized individual.

68. These indictments and Mr. Ortiz's conviction were not valid because they were obtained by a special district attorney who had no legal authority under New York law.

69. This constitutional deprivation was egregious and fundamental, as it involved the exercise of state power by an individual with no lawful authority to do so.

70. The prosecution of Mr. Ortiz by an unauthorized special district attorney constitutes a structural error that undermines the fairness of the trial mechanism.

71. Defendants Cardone, and Defendant County of Orleans through its policymakers, acted with deliberate indifference to Mr. Ortiz's right not to be prosecuted by an individual lacking legal authority.

72. As a direct and proximate result of Defendants Bruce and Cardone's violations of Mr. Ortiz's constitutional rights, he was wrongfully convicted and imprisoned for a total of 91 days, in an aggregate amount of time.

73. The aforesaid conduct by Defendants was willful, malicious, oppressive, and/or reckless and was of such a nature that Mr. Ortiz claims punitive damages against Defendants Bruce and Cardone, individually, in an amount commensurate with the wrongful acts alleged herein.

## SECOND CAUSE OF ACTION

**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT**
**Unlawful Imprisonment under 42 U.S.C. § 1983**
**Against Defendants Bruce, Cardone, and Ploof**

74. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

75. The Fourth Amendment, applicable to the states through the Fourteenth Amendment, prohibits unreasonable seizures of persons.

76. Mr. Ortiz was unlawfully seized and deprived of his liberty when he was incarcerated for a total of 91 days pursuant to prosecutions by a special district attorney who had no legal authority to act.

77. This imprisonment was objectively unreasonable because it resulted from convictions that were void *ab initio* due to the lack of prosecutorial authority.

78. Defendant Bruce lacked any colorable claim of authority to prosecute Mr. Ortiz.

79. Defendant Cardone directly facilitated this unlawful imprisonment by acknowledging and facilitating the appointment of Defendant Bruce despite his failure to meet the statutory requirements.

80. Defendant Steven Ploof, acting under color of state law, caused and contributed to Plaintiff's unlawful seizure and imprisonment by fabricating evidence, providing false statements, and initiating and supporting felony charges that resulted in Plaintiff's remand to custody, continued detention, and incarceration.

81. As a direct and proximate result of Defendants Bruce, Cardone, and Ploof's conduct, Mr. Ortiz was unlawfully detained and deprived of his liberty for 91 days, causing him physical discomfort, emotional distress, humiliation, and other damages.

82. The aforesaid conduct by Defendants Bruce, Cardone, and Ploof was willful, malicious, oppressive, and/or reckless and was of such a nature that Mr. Ortiz claims punitive damages against Defendants Bruce, Cardone, and Ploof, individually, in an amount commensurate with the wrongful acts alleged herein.

**THIRD CAUSE OF ACTION**

**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT**
**Municipal Liability (Monell Claim) under 42 U.S.C. § 1983**
**Against Defendants County of Orleans and Cardone**

83. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this complaint as if fully set forth herein.

84. Defendants Cardone and County of Orleans maintained an official custom, policy, or practice of failing to ensure proper compliance with County Law § 701 regarding the appointment of special district attorneys.

85. Defendant Cardone, as manager of the Orleans County District Attorney's Office at all relevant times, failed to conduct minimal research and investigation to ensure his choice for special district attorney was eligible for this position.

86. As such, Defendant Cardone implemented policies and customs that allowed for the selection of an improper special district attorney, thereby allowing not only Mr. Ortiz's rights to be violated, but the rights of others as well.[1]

87. The County's failure to implement policies or procedures to verify that appointed special district attorneys meet the statutory requirements under County Law § 701 represents a deliberate indifference to the constitutional rights of individuals prosecuted in Orleans County.

88. This deliberate indifference is evidenced by multiple appointments of Defendant Bruce as special district attorney despite his lack of qualifications under County Law § 701.

89. The County's policy or custom of inadequate oversight with respect to special district attorney appointments was the moving force behind the violation of Mr. Ortiz's constitutional rights.

90. The violation of Mr. Ortiz's rights was not due to a one-time oversight but rather represents a systemic failure by Defendants County of Orleans and Cardone to implement proper vetting procedures for special district attorneys.

91. Defendant County of Orleans had a non-delegable duty to ensure that its criminal justice system operated in compliance with both state law and the U.S. Constitution.

92. As a direct and proximate result of Defendants County of Orleans and Cardone's policies, practices, and customs, Mr. Ortiz suffered damages including but not limited to loss of liberty, emotional distress, humiliation, and legal fees.

---

[1] *See People v. Callara*, KA-22-01541 (4th Dept. 2024).

## FOURTH CAUSE OF ACTION

**VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT**
Malicious Prosecution under 42 U.S.C. § 1983
<u>Against All Defendants</u>

93. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

94. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, protects individuals from unreasonable seizures and malicious prosecution pursuant to legal process.

95. Defendants Anthony M. Bruce, Joseph Cardone, and Steven Ploof each acted under color of state law at all relevant times, and Defendant County of Orleans is liable for the unconstitutional policies, practices, and customs described herein.

96. Defendants initiated and continued criminal proceedings against Plaintiff without probable cause.

97. Defendant Bruce initiated and continued prosecutions against Plaintiff despite lacking legal authority to act as a special district attorney under County Law § 701, rendering the prosecutions void ab initio.

98. Defendant Cardone, acting in a managerial and policymaking capacity, knowingly facilitated and ratified the appointment and continued use of Defendant Bruce as special district attorney despite his ineligibility, and thereby caused and continued Plaintiff's prosecution.

99. Defendant Ploof initiated and continued criminal proceedings against Plaintiff by fabricating evidence, providing false statements, and supporting felony charges that resulted in Plaintiff's arrest, remand, and incarceration.

100. Any purported probable cause relied upon by Defendants was invalid, unlawful, or based on fabricated evidence, and therefore cannot defeat Plaintiff's malicious prosecution claim.

101. As a result of Defendants' actions, Plaintiff was subjected to post-arraignment deprivations of liberty, including incarceration, bail conditions, and continued prosecution.

102. The criminal proceedings instituted and continued by Defendants terminated in Plaintiff's favor, including the dismissal of charges, vacatur of convictions, and reversal of judgments.

103. Defendants acted with actual malice, as evidenced by their knowing use of an unauthorized prosecutor, deliberate indifference to statutory requirements, fabrication of evidence, and conscious disregard for Plaintiff's constitutional rights.

104. Defendant County of Orleans, through its policymakers including Defendant Cardone, maintained policies, customs, and practices that failed to ensure compliance with County Law § 701 and failed to prevent unlawful prosecutions, which were the moving force behind Plaintiff's injuries.

105. As a direct and proximate result of Defendants' malicious prosecution, Plaintiff suffered loss of liberty, emotional distress, humiliation, economic loss, and other damages.

106. The conduct of Defendants Bruce, Cardone, and Ploof was willful, malicious, oppressive, and/or reckless, entitling Plaintiff to compensatory and punitive damages against them in their individual capacities, and to compensatory damages against Defendant County of Orleans.

## FIFTH CAUSE OF ACTION

### VIOLATION OF FOURTH AMENDMENT
### Excessive Force under 42 U.S.C. § 1983
### Against Ploof

107. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

108. The Fourth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees individuals the right to be free from unreasonable seizures, including the use of excessive force by law enforcement officers.

109. At all relevant times, Defendant Steven Ploof was acting under color of state law as a sworn law enforcement officer.

110. During Plaintiff's custodial transport following his arrest on June 16, 2022, Defendant Ploof forcibly removed Plaintiff from a vehicle, grabbed Plaintiff by the hair, and pulled Plaintiff's head back while Plaintiff was restrained and not resisting.

111. The force used by Defendant Ploof was excessive, objectively unreasonable, and not justified by any law enforcement necessity.

112. Defendant Ploof's conduct constituted an unreasonable seizure in violation of the Fourth Amendment.

113. As a direct and proximate result of Defendant Ploof's use of excessive force, Plaintiff suffered physical pain, emotional distress, humiliation, and other damages.

114. Defendant Ploof's conduct was willful, malicious, oppressive, and/or reckless, entitling Plaintiff to an award of punitive damages against Defendant Ploof in his individual capacity.

## SIXTH CAUSE OF ACTION

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENT
### Denial of Right to a Fair Trial / Fabrication of Evidence under 42 U.S.C. § 1983
### Against Ploof

115. Plaintiff incorporates the allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

116. The Fourth and Fourteenth Amendments to the United States Constitution guarantee an individual the right not to be deprived of liberty as a result of the fabrication of evidence by a law enforcement officer.

117. At all relevant times, Defendant Steven Ploof was acting under color of state law as a sworn law enforcement officer.

118. Defendant Ploof knowingly attempted to elicit false inculpatory statements from Plaintiff during custodial transport.

119. When Plaintiff refused to make such statements, Defendant Ploof knowingly fabricated and reported false statements, claiming that Plaintiff had made terroristic threats.

120. Defendant Ploof knew or should have known that these false statements would be relied upon by prosecutors and courts to initiate and continue criminal proceedings against Plaintiff.

121. Defendant Ploof's fabricated statements were used to support felony charges, Plaintiff's remand to custody, and continued prosecution.

122. Defendant Ploof later served as a witness in criminal proceedings arising from the fabricated statements.

123. As a direct and proximate result of Defendant Ploof's fabrication of evidence, Plaintiff was deprived of his liberty and denied his constitutional right to a fair trial.

124. Defendant Ploof's conduct was intentional, malicious, and in reckless disregard of Plaintiff's constitutional rights, entitling Plaintiff to compensatory and punitive damages against Defendant Ploof in his individual capacity.

## **DEMAND FOR JURY TRIAL**

125. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues so triable in this action.

## **PRAYER FOR RELIEF**

Plaintiff, Kenneth R. Ortiz, prays for relief and demands judgment as follows:

1. That the Plaintiff be awarded compensatory damages against all Defendants in an amount to be determined at trial;

2. That the Plaintiff be awarded punitive damages against all Defendants in an amount to be determined at trial;

3. That this Court, pursuant to 42 U.S.C. § 1988, awards Plaintiff reasonable attorneys' fees, together with the cost of this action against all Defendants; and

4. That this Court award such other further relief, together with any other legal or equitable relief, or both, as the Court deems just and proper.

Dated: February 9, 2026
       Buffalo, New York

                         **RUPP PFALZGRAF LLC**
                         *Attorneys for Plaintiff*

                         */s/ R. Anthony Rupp III*
                         R. Anthony Rupp III, Esq.
                         1600 Liberty Building
                         Buffalo, New York 14202
                         Rupp@RuppPfalzgraf.com